IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Chris Nelson,) | Civil Action No. 6:16-cv-00367-HMH-JDA |
| ) | |
| Plaintiff,) | |
| ) | |
| vs.) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Ceramtec North America Corp.,) | |
| ) | |
| Defendant.) | |
| ) | |

This matter is before the Court on Plaintiff's motion for partial summary judgment. [Doc. 27.] Plaintiff alleges claims for violations of the Family Medical Leave Act ("FMLA"). [Doc. 21.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Plaintiff filed this action on February 5, 2016 [Doc. 1], and, with leave of this Court, amended his Complaint on July 8, 2016 [Doc. 21]. On October 10, 2016, Plaintiff filed a motion for partial summary judgment. [Doc. 27.] Defendant filed a response in opposition on October 27, 2016 [Doc. 34], and Plaintiff filed a reply on November 6, 2016 [Doc. 36]. Accordingly, the motion for partial summary judgment is ripe for review.

## **BACKGROUND**

Plaintiff was employed by Defendant in Laurens County, South Carolina. [Doc. 21 ¶ 3.] While employed by Defendant, Plaintiff suffered from various serious health conditions and incurred absences that qualified for protection under the FMLA. [*Id.* ¶ 5.] During his most recent FMLA qualifying absences, Plaintiff was released without restriction and scheduled to return to work on January 21, 2016. [*Id.* ¶ 6.]

Plaintiff asserts that when he returned to work on January 21, 2016, Defendant failed to restore Plaintiff to the same or similar position as required under the FMLA. [*Id.* ¶ 7.] More specifically, Plaintiff contends Defendant placed Plaintiff in a job that was more difficult physically, located in a worse working environment, and took Plaintiff off twelve-hour shifts. [*Id.*] According to Plaintiff, when he asked his manager why Plaintiff was moved and his schedule changed, the manager told Plaintiff it was because Plaintiff was unreliable and could not be counted on to show up to work. [*Id.* ¶ 8.]

Plaintiff attempted to perform the new position but the strain aggravated Plaintiff's serious health condition, causing him to urinate blood. [*Id.* ¶ 9.] Plaintiff informed his supervisor of these complications, and his supervisor reportedly agreed that Plaintiff could clock out and go home. [*Id.* ¶ 10.] Plaintiff was unable to work the following evening but returned to work on January 24, 2016, and worked a full shift. [*Id.* ¶¶ 11–12.] On January 25, 2016, Plaintiff was informed that he could not return to work until he spoke to the human resource manager. [*Id.* ¶ 13.] Subsequently, the human resource manager informed Plaintiff that he was terminated for walking off the job on January 21, 2016. [*Id.*] Plaintiff filed the instant litigation, alleging interference and retaliation claims under the FMLA. [Docs. 1, 21.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

2

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Plaintiff moves for partial summary judgment as to liability on his interference claim based on failure to reinstate and his retaliation claim based on failure to reinstate.[1] [Doc. 27-1 at 1.] Defendant opposes the motion as premature and also argues Plaintiff's claims fail as a matter of law. [Doc. 34.]

Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Anderson*, 477 U.S. at 250 n.5. At the same time, the party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that

---

[1] Plaintiff is not moving for summary judgment with respect to his claims based on termination. [Doc. 27-1 at 1 n.1.]

4

more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file an affidavit pursuant to Rule 56(d)[2] of the Federal Rules of Civil Procedure stating "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Id.*

Here, although Defendant has opposed the motion for partial summary judgment as premature, arguing it needs more discovery, it did not file a Rule 56(d) affidavit. However, "in some cases courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56([d]) affidavit." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (collecting cases). Essentially, if the opposition to summary judgment "serve[s] as the functional equivalent of an affidavit and if the nonmoving party was not lax in pursuing discovery," the failure to file a Rule 56(d) affidavit may be excused. *Id.* at 245 (internal quotation marks and citation omitted). To serve as a functional equivalent, the nonmoving party should provide "reasonable notification and explanation for why more time for discovery [is] necessary or what the parties intend[] to discover that [is] not yet in the record." *Zipit Wireless Inc. v. Blackberry Ltd.*, No. 6:13-cv-02959-JMC, 2016 WL 5933975, at *10 (D.S.C. Oct. 12, 2016) (internal quotation marks and citation omitted).

---

[2]Rule 56(d) was formerly found at subsection (f) of the same Rule; however, the 2010 Amendments to the Federal Rules of Civil Procedure re-organized Rule 56. The amendments did "not affect continuing development of the decisional law construing and applying" the applicable phrases. Fed. R. Civ. P. 56(d) advisory committee's note to the 2010 Amendment.

Under the First Amended Scheduling Order in place when Plaintiff filed his motion, the discovery deadline was October 30, 2016, and the dispositive motions deadline was November 13, 2016.  [Doc. 26.]  Plaintiff filed his motion for partial summary judgment on October 10, 2016, only five weeks after the Court entered the First Amended Scheduling Order.  Subsequently, the Scheduling Order has been amended twice, with the current discovery deadline set for February 27, 2017, and the dispositive motions deadline set for March 13, 2017.[3]  [Docs. 33, 45.]  Defendant's response in opposition to the motion for partial summary judgment outlines the need for additional discovery at that time, including the depositions of Plaintiff and four other witnesses and the production of medical records.  [Doc. 34 at 1.]  Indeed, at the time Defendant filed its response in opposition on October 27, 2016, four of the depositions had been scheduled for the following week.  [*Id.* at 1 n.1.]  In his reply, Plaintiff relies on testimony from the November 2, 2016, depositions that had not been conducted when Defendant filed its response.  [Doc. 36.]  Additionally, two months after Plaintiff filed his motion for partial summary judgment, the parties were still engaged in a discovery dispute.[4]  [Docs. 37, 38, 40, 46, 47.]  Based on the Scheduling Orders and record in this case as well as Defendant's response in opposition describing the need for additional discovery, the Court recommends that Defendant's failure to file a

---

[3]The Court notes that Plaintiff opposed the second amendment to the Scheduling Order [Doc. 29]; Plaintiff consented to the third amendment to the Scheduling Order [Doc. 43].

[4]The discovery dispute related to the medical records Defendant indicated were needed at the time it filed its response in opposition to the motion for partial summary judgment.  The Court ultimately granted in part and denied in part Defendant's motion to compel with respect to the medical records.  [Docs. 40, 48.]  Thus, that discovery dispute was not finalized until January 12, 2017.  [Doc. 48.]

Rule 56(d) affidavit be excused and that Plaintiff's motion for partial summary judgment be denied without prejudice and with leave to refile[5] because it is premature.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for partial summary judgment be DENIED without prejudice and with leave to refile.

IT IS SO RECOMMENDED.

                                          s/Jacquelyn D. Austin
                                          United States Magistrate Judge

February 13, 2017
Greenville, South Carolina

---

[5]As stated, the dispositive motions deadline in this case is March 13, 2017. [Doc. 45.] Thus, Plaintiff may refile his motion for partial summary judgment.

7