IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Chris Nelson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:16-0367-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ceramtec North America Corp., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Chris Nelson ("Nelson") alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. Nelson moves for partial summary judgment and to strike the affidavit of John Jones ("Jones"). Defendant Ceramtec North America Corp. ("Ceramtec") moves for summary judgment and an extension of time to file, amend, and exchange Rule 26(a)(3) Pretrial Disclosures. In her Report and Recommendation, Magistrate Judge Austin recommends denying Nelson's motion to strike and for partial summary judgment, denying Ceramtec's motion for summary judgment, and granting Ceramtec's motion for an extension of time.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL HISTORY

Nelson was employed by Ceramtec as a grinding set up operator from August 25, 2014, until January 17, 2016. (Def. Mot. Summ. J. Ex. A (Ceramtec Docs. 2), ECF No. 58-2); (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. 12 (Change of Status Form), ECF No. 60-12.) During that time, Nelson worked twelve-hour shifts from 7:00 p.m. to 7:00 a.m., rotating different days each week. (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. 2 (Work Schedule), ECF No. 60-2).

On January 7, 2016, Nelson's spouse informed his managers that Nelson was unable to work that evening because he had been transported to the emergency room due to illness. (Def. Mot. Summ. J. Ex. A (Ceramtec Docs. 83), ECF No. 58-2.) The following day, Nelson informed his managers that he needed immediate surgery and was unable to work that day. (Id. Ex. A (Ceramtec Docs. 83), ECF No. 58-2.) On January 11, 2016, Nelson underwent a lithotripsy to remove a kidney stone. (Id. Ex. A (Ceramtec Docs. 61), ECF No. 58-2.) The same day, Ceramtec mailed Nelson documentation regarding his eligibility for FMLA leave and forms to certify his FMLA leave. (Id. Ex. A (Ceramtec Docs. 51-59), ECF No. 58-2.)

On January 17, 2016, Lee Roy Palmer ("Palmer"), a production manager at Ceramtec, changed Nelson's position from a grade four grinding set up operator to a grade three kiln operator. (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. 12 (Change of Status Form), ECF No. 60-12.) Palmer requested that John Slocum ("Slocum"), Nelson's supervisor, inform Nelson that he had been transferred to the kiln department, effective January 21, 2017. (Id. Ex. 15 (Palmer email), ECF No. 60-15.) Additionally, Nelson's work schedule was changed to 11:00 p.m. to 7:00 a.m., Monday through Friday. (Id. Ex. 15 (Palmer email), ECF No. 60-15.)

2

Palmer further instructed Slocum that Nelson would not actually operate the kilns, but would instead "load, unload and clean up." (Id. Ex. 15 (Palmer email), ECF No. 60-15.)

Slocum informed Nelson of the change when he reported to work on January 21, 2016. (Def. Mot. Summ. J. Ex. C (Slocum Dep. 46-47), ECF No. 58-4.) Slocum stated that Nelson became upset and requested to speak with Palmer. (Id. Ex. C (Slocum Dep. 47), ECF No. 58-4.) Slocum advised Nelson to wait until the next day to calm down prior to speaking with Palmer. (Id. Ex. C (Slocum Dep. 47), ECF No. 58-4.) However, Nelson insisted on speaking with Palmer. (Id. Ex. C (Slocum Dep. 47), ECF No. 58-4.) Later the same evening, Nelson was able to speak with Palmer by telephone and stated that he thought the change in position was not fair, and that he could not accomodate the new schedule because it would interfere with his responsibilities as a parent. (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. 3 (Nelson Decl.), ECF No. 60-3); (Def. Mot. Summ. J. Ex. E (Nelson Dep. 116), ECF No. 58-6.) In response, Palmer informed Nelson that he was being transferred because Palmer needed someone reliable in the grinding area. (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. B (Palmer Dep. 37) & Ex. E (Nelson Dep. 116), ECF Nos. 58-3 & 58-6.)

Nelson returned to the kiln area after speaking with Palmer. (Id. Ex. E (Nelson Dep. 116), ECF No. 58-6.) Shortly before 8:00 p.m., Nelson reported to Slocum that he had urinated blood, was experiencing back pain, and needed to leave. (Id. Ex. E (Nelson Dep. 116), ECF No. 58-6.) Slocum acknowledged that Nelson was leaving and informed Nelson that Palmer was willing to work with him on his new work schedule. (Def. Mot. Summ. J. Ex. E (Nelson Dep. 116), ECF No. 58-6.) On January 22, 2016, Nelson sent a text message to Slocum informing him that he would not be at work because he was sick. (Pl. Resp. Opp'n Def. Mot.

Summ. J. Ex. 23 (Jan. 22, 2016, Text Messages), ECF No. 60-23.) However, Palmer informed Judie Ulsh ("Ulsh"), Ceramtec's human resources manager, that Nelson could not work due to snow. (Def. Mot. Summ. J. Ex. A (Ceramtec Docs. 72), ECF No. 58-2.) Nelson returned to work his next scheduled shift on January 24, 2016. (Id. Ex. A (Ceramtec Docs. 74), ECF No. 58-2.)

On January 25, 2016, Palmer asked Ulsh how to code Nelson's partial absence on January 21, 2016. (Id. Ex. A (Ceramtec Docs. 72), ECF No. 58-2.) Ulsh responded that Nelson should not be allowed to return to work until Ceramtec clarified whether Nelson was medically cleared to return. (Id. Ex. A (Ceramtec Docs. 70-71), ECF No. 58-2.) Nelson was subsequently advised not to return to work until Ceramtec determined his status. (Id. Ex. A (Ceramtec Docs. 70), ECF No. 58-2.)

On January 26, 2016, Ulsh spoke to Ceramtec employees regarding Nelson's absence on January 21, 2016. (Pl. Resp. Opp'n Def. Mot. Summ. J. Ex. 7 (Ulsh Dep. 40-42), ECF No. 60-7.) Ulsh ultimately recommended that Ceramtec terminate Nelson because he had initially refused to work in the kiln room, become angry, and left work without permission. (Id. Ex. 7 (Ulsh Dep. 40-42), ECF No. 60-7.) Nelson's employment was terminated the same day. (Id. Ex. 7 (Ulsh Dep. 42), ECF No. 60-7.)

Nelson filed the instant case on February 5, 2016. (Compl., ECF No. 1.) On February 17, 2017, Nelson filed a motion for partial summary judgment. (Pl. Mot. Summ. J., ECF No. 50.) Nelson moved to strike the affidavit of John Jones on March 10, 2017. (Pl. Mot. Strike, ECF No. 56.) On March 13, 2017, Ceramtec moved for summary judgment. (Def. Mot. Summ. J., ECF No. 58.) Ceramtec moved for an extension of time to amend, file, and exchange

Rule 26(a)(3) pretrial disclosures on June 16, 2017. (Def. Mot. Extension of Time, ECF No. 67.) Magistrate Judge Austin issued the Report and Recommendation on July 6, 2017, recommending that the court deny Nelson and Ceramtec's motions for summary judgment, deny Nelson's motion to strike, and grant Ceramtec's motion for an extension. (R&R 20, ECF No. 68.) On July 13, 2017, Nelson filed objections to the Report and Recommendation. (Pl. Objs., ECF No. 70.) Ceramtec filed objections on July 19, 2017. (Def. Objs., ECF No. 72.) On July 24, 2017, Nelson responded to Ceramtec's objections. (Pl. Resp. Opp'n Def. Objs., ECF No. 75.) Ceramtec responded to Nelson's objections on July 27, 2017. (Def. Resp. Opp'n Pl. Objs., ECF No. 76.) This matter is ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Nelson and Ceramtec specifically object that the magistrate judge erred in finding that genuine issues of material fact exist as to whether: (1) Ceramtec restored Nelson to an

equivalent position; (2) Ceramtec would have changed Nelson's position absent FMLA leave; and (3) Nelson was harmed by Ceramtec's failure to restore him to his original position. (Pl. Objs., generally, ECF No. 70); (Def. Objs., generally, ECF No. 72.) Additionally, Ceramtec objects that the magistrate judge erred in considering Nelson's retaliation claim for failure to reinstate and in determining that there is a genuine issue of material fact as to whether Ceramtec's proffered reasons for terminating Nelson were a pretext. (Def. Objs. 8-14, ECF No. 72.) Lastly, Nelson objects that the magistrate judge erred in finding that he would not be prejudiced by allowing Jones to testify. (Pl. Objs. 9-11, ECF No. 70.)

### B. Motions for Summary Judgment

#### 1. Summary Judgment Standard

Partial summary judgment "is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note (1946). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

## 2. FMLA Interference Claim

Ceramtec and Nelson object that the magistrate judge erred in finding that genuine issues of material fact exist as to whether Ceramtec interfered with Nelson's right to FMLA leave by not restoring him to his original position upon his return from FMLA leave.

The FMLA entitles eligible employees to 12 weeks of leave during any 12-month period for, among other reasons, a serious health condition which prevents an employee from performing employment functions. See 29 U.S.C. § 2612(a)(1)(D). To establish a claim for unlawful interference with FMLA benefits, an employee must prove that: "(1) he is entitled to an FMLA benefit; (2) his employer interfered with the provision of that benefit; and (3) that interference caused harm." Adams v. Anne Arundel Cty. Public Sch., 789 F.3d 422, 427 (4th Cir. 2015).

Upon return from FMLA leave, an eligible employee is entitled to be restored to his position held when leave commenced or an "equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(B). "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, prerequisites, and status. It must

involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a). However, a position is equivalent even if there are "de minimis, intangible, or unmeasurable aspects of the job" which differ. § 825.215(f). Further, the FMLA does not provide an absolute right to be restored to the employee's original position. Yashenko v. Harrah's N.C. Casino Co., LLC, 446 F.3d 541, 549 (4th Cir. 2006). "[A]n employer may deny restoration when it can show that it would have discharged the employee in any event regardless of the leave." Id. at 548.

### a. Equivalent Position

Ceramtec and Nelson object to the magistrate judge's finding that there is a genuine issue of material fact as to whether Ceramtec interfered with Nelson's right to take FMLA leave by not restoring him to an equivalent position upon his return. Ceramtec argues that Nelson was restored to an equivalent position because he received the same pay, shift assignment, bonus eligibility, health care, and retirement benefits, despite his change in position. (Def. Objs. 3-4, ECF No. 72.) In contrast, Nelson argues that the positions were not equivalent because Nelson's new position had a lower employment grade, a different schedule, and different duties. (Pl. Objs. 1-2, ECF No. 70.)

Upon review, the magistrate judge did not err in finding that there is a genuine issue of material fact as to whether Nelson was restored to an equivalent position. Nelson received the same pay, received the same benefits, worked in the same job site, and reported to the same supervisor, but there is a genuine issue as to whether his duties remained equivalent. Additionally, Nelson's employment grade was decreased from four to three, although his pay

8

was maintained at the level of his original grade.  Therefore, a reasonable jury could determine that Ceramtec did or did not return Nelson to an equivalent position.  Cf. Waag v. Sotera Defense Solutions, Inc., 857 F.3d 179, 188 (4th Cir. 2017) (affirming grant of summary judgment for the defendant where the plaintiff received the same pay and benefits, continued to work at the same work site, reported to the same supervisor, and his duties remained focused on business development); Csicsmann v. Sallada, No. 05-2087, 2006 WL 3611729, at *1-2 (4th Cir. Dec. 12, 2006) (unpublished) (affirming grant of summary judgment for the defendant where the plaintiff was transferred from a position as a direct-support IT manager to a position focused on IT disaster recovery, but the plaintiff maintained the same title and received the same salary, bonus eligibility, and benefits).  As a result, the magistrate judge did not err in finding that there is a genuine issue as to whether Nelson was restored to an equivalent position.

### b. Entitlement to Restoration

Nelson and Ceramtec object that the magistrate judge erred in finding that there is a genuine issue as to whether Ceramtec would have removed Nelson from his original position irrespective of his FMLA leave.  (Pl. Objs. 4-6, ECF No. 70); (Def. Objs. No. 72.)  Ceramtec argues that the magistrate judge improperly weighed evidence regarding Ceramtec's proffered reason that Nelson was transferred because of priority and need.  (Def. Objs. 4-6, ECF No. 72.)  Specifically, Ceramtec argues that the magistrate judge improperly injected an intent element into the FMLA interference analysis to justify the conclusions.  (Id. at 5, ECF No. 72 (citing Sharif v. United Airlines, Inc., 841 F.3d 199, 203 (4th Cir. 2016)).)  In contrast, Nelson argues that there is no evidence in the record that supports Ceramtec's argument that Nelson was transferred because of business circumstances.  (Pl. Objs. 4-5, ECF No. 70.)

The record supports the magistrate judge's conclusion. First, Palmer's deposition testimony demonstrates that Nelson's absences factored into Ceramtec's decision to transfer him to the kiln room. (Def. Resp. Opp'n Mot. Summ. J. Ex. B (Palmer Dep. 37), ECF No. 58-3.) Further, there are genuine issues of material fact regarding whether Palmer's decision to transfer Nelson was based upon his FMLA leave or numerous prior attendance issues. (See, e.g., Def. Mot. Summ. J. Ex. A (Ceramtec Docs. 32-34, 37-49), ECF No. 58-2 (showing that Nelson had received multiple verbal and written warnings for tardies, leaving work early, and for failing to notify the proper people when he would be absent from work).)

Second, the magistrate judge did not err in weighing Palmer's testimony. When considering a motion for summary judgment, the court must draw all justifiable inferences in favor of the non-moving party. Liberty Lobby, 477 U.S. at 255. One inference that can be drawn from Palmer's testimony is that Nelson was removed from his original position based upon his taking FMLA leave. Therefore, the magistrate judge properly considered the evidence in light of the standard for summary judgment. As a result, the magistrate judge did not err in finding a genuine issue of material fact exists as to whether Nelson would have been removed regardless of his FMLA leave.

### c. Harm from Removal

Nelson and Ceramtec object that the magistrate judge erred in finding that there is a genuine issue of material fact as to whether Nelson suffered harm as a result of his removal from his original position. (Def. Objs. 6-8, ECF No. 72); (Pl. Objs 6-9, ECF No. 70.) Nelson argues that a substantive FMLA violation, such as a failure to restore to an equivalent position, necessarily causes harm which may be remedied by equitable relief. (Pl. Objs. 7-8, ECF

No. 70.) Further, Nelson argues that the change in hours and days was a substantive harm which was not remedied by Ceramtec's promise to work with Nelson on his schedule. (Id. at 8-9, ECF No. 70.) In contrast, Ceramtec argues that Nelson did not suffer any potential harm because the terms and conditions of his employment remained the same and any harm was intangible or trivial. (Def. Objs. 6-8, ECF No. 72.) Further, Ceramtec argues that equitable relief is a question properly for the court, rather than a jury question. (Id. at 7, ECF No. 72 (citing Cline v. Wal-Mart Stores, Inc. 144 F.3d 294, 307 (4th Cir. 1998)).)

As previously discussed, there is a genuine issue of material fact as to whether Nelson was restored to an equivalent position. In addition, any issues involving equitable relief can be addressed at the conclusion of trial. Further, there is a genuine issue as to whether Nelson was harmed by the change to his work schedule. Although Nelson argues that there is no evidence that Ceramtec intended to work with him on his schedule, Nelson continued to be paid for twelve-hour shifts. (Pl. Resp. Opp'n Mot. Summ. J. Ex. 18 (Jan. 18-31, 2016 Timecard), ECF No. 60-18.) Additionally, his last day of work, January 24, 2016, was a Sunday, which is consistent with the schedule he historically worked rather than his new Monday to Friday schedule. (Id. Ex. 18 (Jan. 18-31, 2016 Timecard), ECF No. 60-18.) Therefore, the magistrate judge did not err in finding that a genuine issue of material fact remains as to whether Nelson was harmed by his change in position. Based on the foregoing, Nelson and Ceramtec's motions for summary judgment are denied as to Nelson's interference claim.

### 3. FMLA Retaliation Claims

#### a. Failure to Reinstate Claim

Ceramtec objects that the magistrate judge erred in considering Nelson's claim for retaliation for failure to reinstate arguing that the claim is not properly before the court. (Def. Objs. 8-10, ECF No. 72.) Ceramtec alleges that Nelson's retaliation claim for failure to reinstate was raised for the first time in Nelson's motion for summary judgment and, therefore, cannot be considered by the court. (Id. at 9, ECF No. 72 (citing Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 287 (4th Cir. 1998)).)

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Upon review, Nelson's claim for retaliation for failing to reinstate is plausibly stated in the complaint. Specifically, Nelson's claim for "Retaliation/Discharge/Discrimination" fairly encapsulates a claim for retaliation for failing to reinstate. Therefore, the court denies Ceramtec's motion for summary judgment as to Nelson's claim for retaliation based upon failure to reinstate.

#### b. Termination Claim

Ceramtec objects that the magistrate judge erred in finding that there is a genuine issue of material fact regarding Nelson's retaliation claim. The court analyzes Nelson's retaliation

claim under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). This framework is as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas, 411 U.S. at 802) (internal citations omitted). In satisfying the third step, if the plaintiff is able to show by a preponderance of the evidence that the defendant's purported reason is a pretext, then the "plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

To establish a prima facie case of retaliation under the FMLA, Nelson must "show that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." Cline, 144 F.3d at 301. Ceramtec objects that the magistrate judge erred in finding genuine issues of material fact exist on the issue of pretext. (Def. Objs. 11, ECF No. 72.) Ceramtec argues that the magistrate judge found that evidence of pretext existed based solely upon "minor discrepancies that do not cast doubt on the explanation's validity . . . ." (Id. at 12, ECF No. 72 (citing Hux v. City of Newport News, Va., 451 F.3d 311, 315 (4th Cir. 2006)).) Further, Ceramtec argues that the magistrate judge erred by weighing the credibility of Ceramtec's proffered reasons and

13

improperly shifted the burden back to Ceramtec in the third step of the McDonald-Douglas analysis. (Def. Objs. 13, ECF No. 72.)

Upon review, the magistrate judge did not err in determining that a reasonable jury could conclude that Ceramtec's proffered reasons were a pretext. First, the differences between Ceramtec's stated reasons for terminating Nelson and the reasons cited in Nelson's termination letter were probative of pretext. Compare (Def. Resp. Opp'n Pl. Mot. Summ. J. Ex. 1 (Ceramtec Docs. 73), ECF No. 53-1;) with (Def. Mem. Supp. Mot. Summ. J. 17-18, ECF No. 58-1.) Additionally, Ulsh's testimony that she had written that Nelson had "threatened" to request further FMLA leave also supports the conclusion that Ceramtec's proffered reasons were a pretext. (Pl. Suppl. Supp. Mot. Summ. J. Ex. 1 (Ulsh Dep. 137-39), ECF No. 64-1.)

Further, the magistrate judge did not err by weighing the credibility of Ceramtec's proffered reasons for terminating Nelson. Although the court need not decide whether Ceramtec's reasons for terminating Nelson were "wise, fair, or even correct" the court must determine whether a reasonable jury could determine that they were "truly . . . the reason for the plaintiff's termination." Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000). Here, the magistrate judge properly reviewed the evidence and found that Nelson has offered sufficient evidence for a reasonable jury to determine that Ceramtec's proffered reasons were a pretext and not the true reason for Nelson's termination. Therefore, the court denies Ceramtec's motion as to Nelson's retaliation based upon termination claim.

### C. Motion to Strike

Nelson objects that the magistrate judge erred in denying its motion to strike Jones' affidavit because he contends that he has been unfairly prejudiced by Ceramtec's failure to

timely disclose their intent to call Jones as a witness. (Pl. Objs. 9-11, ECF No. 70.)

Rule 37(c)(1) of the Federal Rules of Civil Procedure allows the court to exclude evidence from trial which was not properly disclosed under Rule 26(a). Fed. R. Civ. P. 37(c)(1). Evidence should be excluded unless the failure to disclose was "substantially justified" or is harmless. Id. "District courts are accorded 'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." Bresler v. Wilmington Trust Co., 855 F.3d 178, 190 (4th Cir. 2017) (quoting Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014)). To make this determination, the Fourth Circuit has designated five factors the court should consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." Id.

Nelson objects that the magistrate judge erred in finding that Ceramtec's failure to disclose is harmless and substantially justified. (Pl. Objs. 9-11, ECF No. 70.) First, Nelson argues that he had no expectation Jones would be called as a witness because Jones was never added to either parties' witness list and Jones' deposition was cancelled. (Id. at 10, ECF No. 70.) Second, Nelson argues that, given the late date of Ceramtec's disclosure, he will not have a fair opportunity to obtain knowledge regarding Jones' intended testimony. (Id., ECF No. 70.) Third, Nelson argues that if the court allows this evidence, it will unfairly reward Ceramtec's failure to comply with its discovery obligations. (Id. at 10-11, ECF No. 70.)

Upon review, the magistrate judge did not err in finding that Ceramtec's failure to disclose was harmless. As the magistrate judge noted, Nelson should not have been surprised that Jones would be called as a witness because Nelson has produced evidence regarding telephone calls between Jones and himself and had previously scheduled a deposition of Jones. (R&R 19, ECF No. 68.) Further, the scheduling order allows the parties to conduct discovery by consent until the trial of this case, which provides the opportunity to depose Jones before trial. Lastly, the magistrate judge did not consider Jones' affidavit in ruling on any of the pending motions. (Id., ECF No. 68.) As a result, Nelson's motion to strike is denied.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Nelson's motion for partial summary judgment, docket number 50, is denied. It is further

**ORDERED** that Nelson's motion to strike, docket number 56, is denied. It is further

**ORDERED** that Ceramtec's motion for summary judgment, docket number 58, is denied. It is further

**ORDERED** that Ceramtec's motion for extension of time, docket number 67, is granted. The court will issue an amended scheduling order.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 11, 2017